UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROY A. LAUES and KRISTIN G.
LAUES,
           Plaintiffs,

                                        CASE NUMBER: 13-12468
v.                                 HONORABLE VICTORIA A. ROBERTS

BANK OF AMERICA, N.A., MERS
(MORTGAGE ELECTRONIC REGISTRY
SYSTEM), THE BANK OF NEW YORK
MELLON CORPORATION, U.S. BANK,
BANK OF NEW YORK TRU, GSAA HOME
EQUITY TRUST,
           Defendants,
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

### I. INTRODUCTION

Plaintiffs Roy A. Laues and Kristin G. Laues ("the Laues"), proceeding *pro se*, filed a complaint claiming Defendants fraudulently conveyed their property and improperly bifurcated their note and mortgage. Bifurcation is the splitting of the mortgage note and the mortgage. The Laues seek to quiet title by extinguishing Defendants' interest in the property. Before the Court is Defendants' motion to dismiss the Complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

The Court **GRANTS** Defendants' motion.

### II. STATEMENT OF FACTS

America's Wholesale Lender ("AWL") is the trade name for Countrywide Home Loans, Inc. ("CHL"). CHL is a unit of Countrywide Financial Corporation ("CFC"). CFC purchases, securitizes, and services mortgages. Bank of America ("B of A") purchased CFC in 2008.

The Laues obtained two loans to purchase property in Canton, MI. The first loan was made in the principal amount of $975,000.00. The Laues granted a mortgage on the property as security for the first loan in favor of mortgagee MERS, acting as nominee for AWL. The second loan was made in the principal amount of $260,000.00. The Laues granted a mortgage on the property as security for this second loan, also in favor of MERS, acting as nominee for lender AWL. MERS assigned the first mortgage to U.S. Bank National Association as Trustee for GSAA Home Equity Trust ("US Bank") on April 20, 2012; it assigned the second mortgage to The Bank of New York Mellon ("BNYM") on April 25, 2012.

The Laues defaulted on both loans in April 2012. They allegedly contacted B of A to work out payment arrangements that kept the accounts in default status but out of foreclosure. The Laues then sent letters "disputing the mortgage debt and queried for the identity of the real party in interest" in January, February, March, and April 2013. B of A responded to their inquiries and held itself out as the servicer of the loans.

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss a complaint for failure to state a claim upon which relief may be granted. In order to survive a 12(b)(6) motion, a plaintiff must satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2): requiring "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 336 U.S. 41 47 (1957)). A plaintiff need not plead detailed factual allegations, but is required to plead "more than labels and conclusions" and the facts must be sufficient enough to "raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 555.

The Laues' *pro se* complaint is entitled to a liberal construction and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). The Court must assume the complaint's factual allegations to be true, but legal conclusions are to be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must allow the Court to make a plausible inference that the Defendants are liable for their conduct. *Id.* Although a Court must not consider matters outside the pleadings, "documents properly introduced by a defendant 'are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim.'" *QQC, Inc. v. Hewlett-Packard Co.,* 258 F. Supp. 718, 721 (E.D. Mich. 2003) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)); Fed. R. Civ. P. 10(c). A district court may consider documents of public record without converting a 12(b)(6) motion into one for summary judgment. *Kstrzewa v. City of Troy*, 247 F.3d 633, 644 (6th Cir. 2001). Mortgage loans and assignments are public records and may be considered here.

## IV. ANALYSIS

**A. The Laues lacks standing to challenge MERS' assignment of the mortgages.**

A litigant who is not a party to an assignment lacks standing to challenge that assignment. *Livonia Prop. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC*, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010), *aff'd*, 399 F. App'x 97, 103 (6th Cir. 2010). The court reasoned that a contract of assignment is completely separate from a contract between the borrower and assignor. An obligor's rights and duties to an assignor do not change upon a transfer from assignor to assignee; "the validity of the assignments does not effect [*sic*] whether

[b]orrower owes its obligations, but only to *whom* [b]orrower is obligated." *Id.* at 735 (emphasis in original). A borrower cannot assert an assignor's contract rights to which it was not a party or third-party beneficiary. *Id.* at 737. A borrower may have standing to challenge an assignment only with the threat of double liability on the debt. *Id.*

The Laues allege that MERS lacked authority to assign the mortgages, which would make the subsequent assignments invalid. MERS acted as nominee for lender AWL in assigning the mortgages. The Laues were not a party to the assignment and are not threatened with double liability on the debt. They have no standing to challenge the assignment.

**B. The Laues fails to state a claim upon which relief may be granted.**

Even a *pro se* complaint must put a defendant on fair notice about what the claims are and the grounds upon which they rest. *Twombly*, 550 U.S. at 555. But, a *pro se* complaint "should only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**1.) The Laues' obligation to repay the debt is not discharged because the loan is transferred from one lender to another by corporate merger.**

The Laues allege that when CFC and its subsidiary, AWL, merged with B of A, their debt to AWL should have been discharged. This is incorrect. When B of A purchased CFC in 2008, B of A took on all of its duties and obligations, including the Laues' debt obligation. This corporate acquisition only meant that the Laues' obligation to pay is to a different party. There is no threat of double liability, as the Laues argue; the loan obligation was simply transferred from AWL to

4

B of A during the merger.

### 2.) Note-splitting/bifurcation is not a valid cause of action.

The Laues argue that MERS lacked authority to assign the mortgage because the note and mortgage were bifurcated. Bifurcation occurs when the transfer or assignment of a mortgage splits the promissory note from the mortgage deed.

It is clearly established under Michigan real property law that an owner of an interest in indebtedness need not own an interest in the security lien dependent on that indebtedness. *Residential Funding Co. v. Saurman*, 490 Mich. 909; 805 N.W.2d 183 (2011). "'The security is always made in trust to secure obligations, and the trust and the beneficial interest need not be in the same hands.... The choice of a mortgagee is a matter of convenience.'"*Id.* (quoting *Adams v. Niemann*, 46 Mich. 135, 137 (1881)). The Laues' allegations of note-splitting is not a legally cognizable claim.

### 3.) The Laues fail to plead fraud with particularity as required by Fed. R. Civ. P. 9(b).

The Laues' assert that MERS fraudulently assigned the mortgages on behalf of AWL. Fed. R. Civ. P. 9(b) requires that all allegations of fraud must be pled with particularity. The Sixth Circuit interprets Rule 9(b) to require allegations of "'the time, place, and content of the alleged misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'" *Yuhasz v. Brush Wellman*, 341 F.3d 559, 563 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993). The Laues' fail to plead any facts to support a claim of fraud against Defendants.

Their claim of fraud centers around the allegations that MERS did not possess an

ownership interest in the indebtedness, that the debt should have been discharged, and that MERS was not a nominee for AWL. MERS was named as a nominee on behalf of AWL for both mortgages, and it was recorded in the Wayne County Register of Deeds. The debt never was nor should have been discharged. MERS did not possess an ownership interest in the indebtedness, but did rightfully assign its interest in the security lien attached to the indebtedness. The Laues' conclusory allegations fail to support an inference of fraudulent misrepresentation.

**4.) The Laues fail to state a colorable claim to quiet title.**

Under MCL 600.2932, "[a]ny person ... who claims any right in, title to, equitable title to, interest in, or right of possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff." The Laues have only offered conclusory allegations that the mortgage assignments were invalid and fraudulent. They fail to plead facts that might establish the superiority of their interest to Defendants. The only way a borrower may quiet title on a security lien is to pay back the debt. The Laues' allege they defaulted on their loans, and they cannot quiet title with this action.

## V. CONCLUSION

The Court **GRANTS** Defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. The complaint is dismissed with prejudice.

**IT IS ORDERED.**

              S/Victoria A. Roberts
              Victoria A. Roberts
              United States District Judge

Dated: October 15, 2013

> The undersigned certifies that a copy of this document was served on the attorneys of record, Roy Laues and Kristin Laues by electronic means or U.S. Mail on October 15, 2013.
>
> S/Linda Vertriest
> Deputy Clerk