UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Roy A. Laues and Kristen G. Laues,

        Plaintiffs,

v.

Bank of America, N.A., MERS (Mortgage Electronic Registry System), The Bank of New York Mellon Corporation, U.S. Bank, Bank of New York Tru, CWHEQ, Inc., U.S. Bank Tru, GSAA Home Equity Trust,

        Defendants.
_____/

CASE NUMBER: 13-12468
HONORABLE VICTORIA A. ROBERTS

## ORDER DENYING MOTION (DOC. #30)

**I.   INTRODUCTION**

Before the Court is Defendants' Motion to Enjoin State Court Proceedings. This motion involves a mortgage foreclosure case that the Court dismissed for failure to state a claim on October 15, 2013. After dismissal, Plaintiffs filed: (1) an appeal to the Sixth Circuit and (2) a Complaint in state court to vacate and collaterally attack the Court's Order of Dismissal. Plaintiffs allege new claims against new defendants in the state court proceeding.

Defendants argue that under the All-Writs Act, 28 U.S.C. § 1651, the Court should enjoin the state court proceeding.

Generally, the filing of an appeal divests district courts of jurisdiction. *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). However, a district court retains jurisdiction to enforce its orders. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585 (6th Cir. 1987). And, while district courts have jurisdiction to enforce orders while a case is on appeal, a district court cannot alter or expand its order pending appeal. *Id.* Also, while federal courts can enjoin a state court proceeding under the Anti-Injunction Act, *American Town Ctr.*, 912 F.2d at 111, "'[A] complainant must make a strong and unequivocal showing of relitigation of the same issue in order to overcome the federal courts' proper disinclination to intermeddle in state court proceedings.'" *Id.*

Because there are different parties and additional claims, the Court does not have jurisdiction to enjoin this state court proceeding. The Sixth Circuit holds that where "there are different parties and additional claims in the state court action, the district court would be expanding upon its opinion rather than simply enforcing its judgment . . . ." *American Town Ctr. v. Hall 83 Assocs.,* 912 F.2d 104, 111 (6th Cir. 1990); see also *City of Cookeville v. Upper Cumberland Elec. Membership Corp.*, 484 F.3d 380, 394 (6th Cir. 2007).

The state court Complaint alleges that fraud was effectuated upon this Court in the earlier action. The initial case alleged that Plaintiffs' mortgage was fraudulently assigned. Defendants fail to show that these are the same claims.

Defendants' motion is **DENIED.**

**IT IS ORDERED.**

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 9, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record, Roy Laues and Kristen Laues by electronic means or U.S. Mail on December 9, 2013.

S/Linda Vertriest
Deputy Clerk